UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-4300 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| IBM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Lamont Williams ("Williams") brings this action against Defendant International Business Machines ("IBM") under Title VII of the Civil Rights Act of 1964. Before the Court is IBM's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion [16] and dismisses the complaint with prejudice.

**Discussion**

Williams filed this suit on August 15, 2022 against his former employer, IBM. Construing his complaint liberally because he represents himself in this litigation, *Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), Williams alleges that he was discriminated against by his employer because of his race. Williams maintains that he was unlawfully harassed at work between 2017 and 2020 and unlawfully discharged on August 25, 2020. (Dkt. 1, at 10–12.) On January 26, 2022, Williams filed a charge against IBM with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*, at 8.) On March 2, 2021, Williams received a letter stating that the EEOC closed the investigation, which instructed Williams to file any subsequent federal lawsuit within ninety days of receipt of the letter. (*Id.*, at 3.)

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency

of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

IBM moves to dismiss Williams' complaint as untimely. Before filing a suit under Title VII, "a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Such a suit must be filed within ninety days of receipt of the letter. 42 U.S.C. § 200e–5(f)(1). If the plaintiff fails to file within the ninety days, the claim is time-barred. *See Bobbitt v. Freeman Co.*, 268 F.3d 535, 538–39 (7th Cir. 2001).

Williams admits in his complaint that he received the right to sue letter on March 2, 2021. (Dkt. 1, at 3.) Therefore, he filed this suit over seventeen months after actual notice of his right to sue, far beyond the ninety-day deadline. For that reason, IBM argues that Williams' claim is time-barred. The Court permitted Williams an opportunity to respond to the motion to dismiss, but he did not do so. (Dkt. 19 (setting briefing schedule).) By failing to respond, he waives any argument that the delay was excusable. *Bonte v. U.S. Bank., N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."); *see also Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (citation omitted) ("As we have repeatedly held, even pro se litigants must follow procedural

2

rules[.]"). Because Williams filed this suit more than ninety days after receiving the EEOC's notice of right to sue, it is time-barred.

**Conclusion**

The Court grants Defendant's motion to dismiss the complaint with prejudice [16].

**IT IS SO ORDERED.**

Date: 1/11/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge